FILED
SUPERIOR COURT
OF GUAM

2021 MAY -7 PM 2: 33

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>v.<br><br>**EDIE ADDY** (*aka* **Eddie Pius Addy;** *aka* **Eddie P. Addy,** *aka* **Eddi Pius Addy**)<br><br>DOB: 05/03/2003<br><br>Defendant. | **Criminal Case No. CF0031-20**<br>GPD Report Nos. 20-01212 / 20-01278<br><br>**DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR DE-CERTIFICATION AND TRANSFER TO FAMILY COURT** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 8, 2021 for hearing on Defendant Edie Addy's (*aka* Eddie Pius Addy; *aka* Eddie P. Addy, *aka* Eddi Pius Addy) ("Defendant's) Motion for De-Certification and Transfer to Family Court ("Motion"). Assistant Attorney General Dannis L.N. Le represents the People, and Assistant Public Defender William B. Jones represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

On January 13, 2020, Defendant was arrested and charged with Theft of a Motor Vehicle (as a 2nd Degree Felony) and Theft By Receiving Via Complicity (as a 2nd Degree Felony). Indictment (Jan. 24, 2020). Defendant was sixteen (16) years old at the time of the incident and seventeen (17) years old at the time of this Motion.

On March 2, 2021, Defendant filed his Motion for De-Certification and Transfer to Family Court. Defendant argued for his transfer to Family Court given his age, lack of criminal history,

Decision and Order Denying Defendant's Motion For De-Certification and Transfer to Family Court
CF0031-20, *People of Guam v. Edie Addy*
Page 1 of 5

circumstances surrounding the offense, advantages of the juvenile justice system, and likelihood of rehabilitation. Motion at 4-7.

On March 10, 2021, the People filed their Opposition to Motion for De-Certification And Transfer to Family Court ("Opposition"). The People requested further development of the court record. Opposition at 1.

The Court held a hearing on April 8, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

"A child who is sixteen (16) years of age or older at the time he committed the offense for which he is charged shall automatically be charged as an adult for any act which would constitute a felony of the first or second degree, along with any acts which are misdemeanors or felonies of the third degree which are part of the same scheme of criminal activity as the felony." 19 G.C.A. § 5106(a).

On motion of either party, "the complaint or indictment may be transferred to the jurisdiction of the Family Court *upon a finding based on clear and convincing evidence* that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court based on an evaluation of the following:

(1) the age of the minor;

(2) the history of the minor, including:

(A) any previous delinquent or criminal history of the minor;

(B) any previous abuse or neglect history of the minor; and

(C) any mental health, physical or educational history of the minor, or a combination of these factors;

(3) the circumstances of the offense, including:

(A) the seriousness of the offense;

(B) whether the minor is charged through accountability;

(C) whether there is evidence the offense was committed in an aggressive

Decision and Order Denying Defendant's Motion For De-Certification and Transfer to Family Court
CF0031-20, *People of Guam v. Edie Addy*
Page 2 of 5

and premeditated manner;

> (D) whether there is evidence the offense caused seriously bodily harm; and

> (E) whether there is evidence the minor possessed a deadly weapon;

> (4) the advantages of treatment within the juvenile justice system, including, whether there are facilities or programs, or both, particularly available in the juvenile system;

> (5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated;

> (6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;

> (7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and

> (8) the adequacy of the punishment or services.

19 G.C.A. § 5106(d)(1)-(8) (*emphasis added*).

Defendant is automatically charged as an adult because he was sixteen at the time of his 2nd Degree Felony charge. *See* 19 G.C.A. § 5106(a). Based on Defendant's Motion, the Court must now balance the above factors to see if by *clear and convincing evidence* the Defendant's interests would be best managed through the Family Court. *See* 19 G.C.A. § 5106(d).

## I.    Age of the Minor

Defendant is 17 years old and only two weeks shy of turning 18. Defendant argues the broad array of rehabilitative services available through DYA (*i.e.*, a full-time school (Lihend) and individual counseling) would benefit him given his particular susceptibility to influence. Motion at 4-5. However, Defendant is nearing adulthood. His susceptibility to influence is much less than that of a young teenager or child, and his age weighs against transfer to Family Court.

Decision and Order Denying Defendant's Motion For De-Certification and Transfer to Family Court
CF0031-20, *People of Guam v. Edie Addy*
Page 3 of 5

## II.  History of the Minor

Defendant has no prior criminal history.  This weighs in favor of transfer to the Family Court, providing Defendant a structured treatment plan and close observation.

## III.  Circumstances of the offense

Defendant is charged with multiple second degree felonies, each of which are serious offenses triggering automatic certification to be charged as an adult.  Indictment (Jan. 24, 2020).  However, there is little evidence that Defendant acted in an aggressive or premeditated way (§ 5106(d)(4)(C)), caused serious bodily harm (§ 5106(d)(4)(D)), or utilized a deadly weapon (§ 5106(d)(4)(E)).  Defendant is accused of orchestrating the stealing of Eric Baker's truck, but is alleged to have only assisted in the stealing of Teofilo Tuazon's vehicle.  Magistrate's Complaint (Jan. 15, 2020).  Regardless, Defendant stands accused of playing a role in two separate car thefts.  This weighs against transfer to the Family Court.

## IV.  Advantages of the Juvenile Justice System

Defendant claims that Family Court would be able to better address his educational needs because DYA is more akin to a proper scholastic environment than a correctional facility.  Motion at 5.  Defendant continues to attend school, and transfer to the Department of Corrections would limit Defendant from furthering his education.  Id. at 5.  This factor weighs in favor of remanding the case to Family Court.

## V.  Security of the Public

Defendant is charged with multiple second degree felonies, stemming from separate conduct occurring on different days.  The security of the public would benefit from increased monitoring and surveillance available through the Department of Corrections.

Decision and Order Denying Defendant's Motion For De-Certification and Transfer to Family Court
CF0031-20, *People of Guam v. Edie Addy*
Page **4** of **5**

## VI. Minor's history of services and willingness to participate in services

Defendant expressed his eagerness to continue with any and all services available through DYA and Family Court. Id. at 6. However, beyond enrolling in school and being assessed for the Transitional Living Program with Sanctuary, Inc., Defendant's history does not show a trend of utilizing such services through DYA or Family Court. Id. at 6.

## VII. Reasonable likelihood of rehabilitation

It is likely that Defendant can be rehabilitated before the expiration of the Family Court's jurisdiction given Defendant's limited criminal history.

## VIII. Adequacy of the punishment

Defendant is charged with two serious felonies. The Department of Corrections provides adequate potential punishment given Defendant's nearing adulthood and the need to protect the greater community at large.

In balancing the above factors, "the court *shall* give greater weight to the seriousness of the alleged offense and the minor's prior record of delinquency than to the other factors listed." 19 G.C.A. § 5106. Due to the seriousness of the charges, Defendant's age, and the need to protect public security, the Court does not find it clear and convincing that Defendant's interests would be best managed through the Family Court.

### CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. The transfer is denied and the case will not be remanded to the juvenile court system.

**IT IS SO ORDERED** this ___May 7, 2021___ *nunc pro tunc* April 8, 2021.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
A.G, PMSC.

Date: 5/7/21 Time: 2:36a.m.
Antonio 
Deputy Clerk, Superior Court of Guam



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion For De-Certification and Transfer to Family Court
CF0031-20, *People of Guam v. Edie Addy*
Page 5 of 5